UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN LUDWIG FEELEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:24-cv-00336-NT |
| ) | |
| HEALTH CARE ) | |
| RESOURCE CENTER, ) | |
| ) | |
| Defendant ) | |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Steven L. Feeley's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that when a party proceeds *in forma pauperis*, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

The instant complaint offers scant detail. Feeley indicates only that his claim arises under federal question jurisdiction because his "wife has died under [Health Care Resource Center's] care and prescribed drug," Complaint at 3, and that the amount in controversy is $2,000,000 for the following reasons: "My wife is dead. We have an 8 year old son that has no mother. We are devastated," *id.* at 5.

I offer Feeley and his son my sympathies for their loss. However, because Feeley's complaint lacks "the crucial detail of who, what, when, where, and how" necessary to provide fair notice of what the claims are and the grounds upon which

1

they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020), it fails to state a plausible claim for relief. Furthermore, Feeley's sparse allegations do not support the existence of federal question jurisdiction. For these reasons, I recommend that the Court **DISMISS** Feeley's complaint without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: October 16, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge